**In re GRAF BROS., INC.,**
**Debtor-in-Possession.**

**Bankruptcy No. 281–00488.**

United States Bankruptcy Court,
D. Maine.

March 26, 1982.

Peter Plumb, Peter Murray, Murray, Plumb & Murray, Portland, Me., for debtor-in-possession.

Richard E. Poulos, Portland, Me., for Credit Committee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

On October 29, 1981 the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has been operating as debtor-in-possession since that time. Until December 31, 1981 the debtor attempted to reorganize. On that date, despite heroic efforts by management, it became obvious that the debtor would have to terminate its business operations.

On January 1, 1982 the debtor terminated all employees except personnel needed to wind down the business and embarked on a plan for liquidating its assets.

On February 11, 1982 the creditors' committee filed a motion to convert the debt-

or's Chapter 11 case to Chapter 7, pursuant to 11 U.S.C. § 1112(b). A hearing was held on March 24, 1982 on the creditors' committee's motion. The motion to convert was supported by the United States Trustee and several creditors.

The debtor opposed the motion and argued that it would be in the best interest of the estate and creditors to permit the debtor to liquidate pursuant to a liquidating plan filed by it on February 26th and amended on March 23, 1982. The debtor presented evidence that would indicate that sale of its assets by personnel of the debtor was going well and that its plan would maximize recovery for creditors of the estate. The creditors' committee presented evidence that the debtor proposed sales to a nephew of the principal stockholder of the debtor and to other "insiders." [1] The creditors' committee also pointed out that the relationship of the debtor with other entities in which the principal stockholders of the debtor had an interest might constitute a conflict, which requires investigation by a trustee.

The debtor countered this position by proposing the appointment of an examiner, pursuant to 11 U.S.C. § 1104(b), whose duties would specifically include the supervision, review and approval of all proposed sales of assets by the debtor during liquidation and oversight of all of the debtor's activities. The debtor further proposed that any claims which might be asserted against the stockholders and other entities in which the stockholders have an interest could be investigated and prosecuted by the creditors' committee.

■ After considering all of the evidence and the arguments of counsel the court concludes that, in the best interest of creditors and the estate, the case should be converted to a Chapter 7. *See* 11 U.S.C. § 1112(b).

■ The traditional means of liquidating a bankruptcy estate is through a trustee.

The Bankruptcy Code permits liquidation by a Chapter 11 debtor-in-possession; *see* 5 *Collier on Bankruptcy* ¶ 1123.01[5] (15th ed. 1981), but such liquidation is not the norm. Liquidation by a debtor-in-possession should not be permitted where there may be a conflict of interest between the debtor and those with whom the debtor is dealing during the liquidation phase.

The creditors' committee has also raised issues regarding the relationship of the debtor to its stockholders and other entities which must be investigated and possibly pursued.

Another factor is cost. If the debtor is permitted to liquidate its assets under the scrutiny of an examiner and the creditors' committee continues to investigate and possibly pursue claims, administrative costs could be excessive. Fees and expenses of the examiner, the creditors' committee, and the debtor-in-possession would continue to accrue. If the liquidation were concluded by a trustee, there would be no reason for continued extensive activity on the part of the creditors' committee and the activity of the professionals and others employed by the debtor-in-possession would be reduced.

The court finds that because of the apparent conflicts of interest and the likely increased cost of a liquidation as proposed by the debtor, the case must be converted to Chapter 7.

An appropriate order has been entered.

---

1. The nephew is Daniel A. Graf, an ex-shareholder and present employee in charge of equipment sales of the debtor.